**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4079

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BARRON BERNARD LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cr-00124-LCB-1)

Submitted:  October 22, 2024                    Decided:  October 24, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Marilyn G. Ozer, Chapel Hill, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barron Bernard Lewis appeals the 57-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). At sentencing, the district court found Lewis had possessed three firearms, one of which was stolen. On appeal, Lewis argues the district court erred in finding he possessed the stolen firearm and, in turn, erred by applying two firearm-related sentencing enhancements when calculating his advisory Sentencing Guidelines range. We affirm.

"In evaluating whether the district court properly applied the advisory [S]entencing [G]uidelines, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Pena*, 952 F.3d 503, 507 (4th Cir. 2020). A factual finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

The Government is required to prove disputed Guidelines enhancements by a preponderance of the evidence. *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more

2

probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted).

Here, for the challenged enhancements to apply, the Government was required to prove that Lewis possessed the disputed firearm. Unlawful possession of a firearm may be actual or constructive. *See United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). "To establish actual possession, the government must prove that [the defendant] voluntarily and intentionally had physical possession of the firearm." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). Constructive possession must be intentional, *see id.*, and requires both that the defendant "knew of the [firearm's] presence and had the power to exercise dominion and control over it," *United States v. Hall*, 858 F.3d 254, 259 (4th Cir. 2017) (cleaned up).

Viewing the evidence in light of these standards, we discern no clear error in the district court's finding that Lewis possessed the stolen firearm underlying the challenged enhancements. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3